IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| EEA CONSULTING ENGINEERS, INC. | § § § | |
| Plaintiffs, | § § | No.  1:22-CV-00146 |
| vs. | § § | |
| ANSYS, INC. | § § | ORIGINAL COMPLAINT |
| Defendants. | § § | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY TRIAL DEMAND**

Energy Engineering Associates, Inc. d/b/a EEA Consulting Engineers, Inc. ("EEA") Plaintiff, brings this action against Ansys, Inc. ("ANSYS"), and would show the Court the following:

**A. NATURE OF THE ACTION**

1. EEA seeks a declaratory judgment that it did not violate any copyrights ANSYS owns for its software.

2. On July 13, 2021, Ansys sent a letter to EEA accusing it of utilizing ANSYS software without a valid license. EEA had no reason to access ANSYS software, and did not believe that it had done so.  Accordingly, it requested additional information regarding the underlying facts allegedly supporting ANSYS's claims.

3. On September 17, 2021, ANSYS, through its attorney John Cotter, sent a detailed letter alleging that ANSYS found its software on a computer owned and used by Alejandro Jimenez Martinez ("Mr. Martinez").  On July 15, 2021, ANSYS sent a report that purported to show EEA use of ANSYS software.  Specifically, ANSYS claims that the report shows "EEA Consulting

Engineers" as the organization responsible for accessing unlicensed ANSYS software between October 9, 2017 and July 5, 2021 in column A. Based on the facts known to EEA, EEA believes that report was falsified by ANSYS.

4. EEA disputes that ANSYS software was installed, used, or accessed on any computers owned by EEA. (Schmitt Decl. at ¶18) Even if the ANSYS report accurately reflects that Mr. Martinez did utilize ANSYS software, Mr. Martinez was never an employee of EEA, was not using ANSYS software for his consulting duties at EEA, and EEA never benefitted from any alleged use of the software. (Schmitt Decl. at ¶19). Accordingly, EEA seeks a judgment declaring that EEA did not violate copyrights owned by ANSYS.

### B. THE PARTIES

6. Energy Engineering Associates, Inc. d/b/a EEA Consulting Engineers, Inc. ("EEA") is a Texas corporation with its principal place of business at 6615 Vaught Ranch Rd., Austin, Texas 78730.

7. Defendant ANSYS, Inc. is a Pennsylvania corporation, with its principal place of business in Southpointe, 2600 Ansys Drive, Canonsburg, Pennsylvania 15317. ANSYS may be served with process at CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, Texas 75201-3136.

### C. JURISDICTION AND VENUE

8. This action arises under the provisions of the Copyright Act, Title 177 U.S.C. §§ 100, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question).

9. Venue is proper in the Western District of Texas, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the dispute occurred in Austin, Texas.

### D. FACTS

### I. EEA Engaged Martinez, a Third-Party Contractor, to Provide Professional Engineering Services

10. On May 7, 2021, EEA entered into an agreement with Globalization Partners to supply independent contractors who would perform tasks for EEA on a temporary basis. ("Globalization Srvcs. Agmt.," at pp. 1-3) (Schmitt Decl., at ¶ 2-3). A true and correct copy of the Globalization Services Agreement is attached hereto as Exhibit A. A true and correct copy of the Schmitt Declaration is attached hereto as Exhibit B. As a result of this engagement, Globalization Services supplied independent contractors to EEA. (Schmitt Decl. at ¶3). Mr. Martinez was one of these contractors and began temporary assignments on May 17, 2021. (Schmitt Decl. at ¶3).

11. Although EEA was planning to supply a computer for the tasks Mr. Martinez would perform for EEA, the computer was returned to Amazon before Mr. Martinez received possession of it. (Schmitt Decl. at ¶4).

12. As a result, Mr. Martinez began using his own personal laptop for his EEA assignments. (Schmitt Decl. at ¶5).

13. From time to time, Mr. Martinez accessed a desktop at EEA using remote technology. Declaration of Alejandro Martinez ("Martinez Decl.") at page 1. A true and correct copy of the Martinez Declaration is attached hereto as Exhibit C.

14. EEA provided any necessary software for his use on a server accessible with the remote desktop located in Austin, Texas. (Martinez Decl. at page 1).

15. At no time did Mr. Martinez require or use ANSYS software for his assignments with EEA. (Schmitt Decl. at ¶6) (Martinez Decl. at p. 1)

16. EEA has sustained damages in defending itself from these baseless allegations. (Schmitt Decl. at ¶20).

## II. Mr. Martinez's Personal Computer Allegedly Contains ANSYS Software

17. On July 13, 2021, ANSYS sent a letter to EEA alleging unauthorized use of its software by EEA. Schmitt Decl. at ¶7). ANSYS claimed that its findings were based on output from its usage detection software that is embedded in ANSYS products. (Schmitt Decl. at ¶7).

18. ANSYS sent a usage report that it calls an "Egress Report" detailing 172 alleged instances of unauthorized use by EEA on a machine owned by Mr. Martinez. A true and correct copy of the Egress Report is attached hereto as Exhibit D. The dates in the report span from October 9, 2017 through July 12, 2021. (Exhibit D at p. 1).

19. The Egress report reflects that the software was first downloaded or used by Mr. Martinez in 2017, four years before he began his assignment with EEA. (Exhibit D at p.2)

20. All instances in the report identify EEA as the party who allegedly used the software on Mr. Martinez's computer. (Exhibit D at p. 1).

21. All but three of the alleged 172 instances pre-date Mr. Martinez's assignments with EEA. (Exhibit D at p. 1-2).

22. The instances that post-date Mr. Martinez's assignments with EEA were not used by or on behalf of EEA. Any potential use was on Mr. Martinez's personal machine in his personal capacity. (Schmitt Decl. at ¶8) (Martinez Decl. at p. 1)

23. ANSYS claims that two instances of Mr. Martinez's use also include the browser e-mail address of EEA employee Mike Jeter. (Exhibit D at p. 1). However, the client e-mail in those two instances is listed as Mr. Martinez, and EEA believes that the inclusion of Mr. Jeter's name is misleading to the extent that it purports to indicate any use or installation of ANSYS software by Mike Jeter. (Exhibit D at p.1) (Schmitt Decl. at ¶10).

24. EEA believes the appearance of Mike Jeter's name on the Egress report is either a mistake on the part of ANSYS, or was intentionally included to falsely suggest installation or use of the software where no use or installation exists. (Schmitt Decl., at ¶11).

25. Mike Jeter did not share a computer or e-mail address with Mr. Martinez (Schmitt Decl. at ¶12).

26. Mr. Jeter did not, at any time, install, access or use ANSYS software for his assignments with EEA. (Schmitt Decl. at ¶13).

### III. ANSYS Software Is Not Used by or on Behalf of EEA

27. EEA notified ANSYS that most of the dates Mr. Martinez allegedly accessed ANSYS's software did not coincide with the dates of his assignments for EEA and therefore preclude the possibility that it could have violated ANSYS' copyrights (Schmitt Decl. at ¶14).

28. Mr. Martinez was a third-party contractor, not an employee of EEA. (Schmitt Decl. at ¶15).

### IV. ANSYS's Egress Report Was Manipulated to Falsely Accuse EEA of Copyright Infringement

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 5**

29. The Egress report attributed all 172 instances of alleged unauthorized use of ANSYS software to EEA. (Exhibit D at pp.1-2).

30. ANSYS manipulated the Egress report to assign blame for alleged copyright infringement to EEA in 169 instances that pre-dated Mr. Martinez's assignment with the EEA. (Exhibit D at p.1-2).

31. EEA requested additional information regarding the alleged instances of software use because the Egress report was manipulated to falsely accuse EEA of unauthorized use of the software. (Schmitt Decl. at ¶16)

32. ANSYS knowingly and intentionally manipulated the raw report to attribute all unauthorized use of its software to EEA. ANSYS explained that ANSYS linked Mr. Martinez's alleged use of the software to EEA because "he is a current EEA employee." A true and correct copy of the September 17, 2021 letter from John Cotter is attached hereto as Exhibit E.

33. ANSYS continued to make claims of copyright infringement against EEA even after learning that EEA's contractual relationship with Mr. Martinez did not begin until well after the allegations in the Egress Report. (Exhibit E at p. 1). (Exhibit F at p. 1) A true and correct copy of the e-mail from John Cotter dated February 7, 2022 is attached hereto as Exhibit F.

34. None of the alleged uses of unauthorized access to ANSYS products are reported to be on machines owned or controlled by EEA. (Exhibit D at p.1-2).

35. ANSYS demanded licensing fees from EEA to resolve the alleged copyright infringement at what it described as its MSRP for the products it claims were infringed. (Schmitt Decl. at ¶17).

## E. FIRST COUNT

**Declaratory Judgment – EEA Did Not Infringe ANSYS's Copyrights**

36. EEA re-asserts and incorporates by reference each and every matter pleaded in Paragraphs 1 through 35, above.

37. EEA brings this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 and 2202.

38. EEA did not access or use any software for which ANSYS owns a copyright. (Martinez Decl. at p.1) EEA received no benefit from any potential infringement on the part of Mr. Martinez. (Martinez Decl. at p.1)

39. Mr. Martinez has never been an employee of EEA. (Exhibit A at p. 2)

40. Therefore, no copying occurred, and ANSYS does not have a claim against EEA for copyright infringement.

41. There is an actual and justiciable controversy between Plaintiff and Defendant as to whether EEA has infringed ANSYS's copyrights.

42. EEA respectfully requests that this Court issue a declaratory judgment that EEA did not violate ANSYS's exclusive rights in its copyrights if any, and accordingly there is no action upon which ANSYS may base claims of copyright infringement.

## M.  DEMAND FOR JURY

49. EEA demands a jury trial and tenders the appropriate fee with this petition.

## N. PRAYER FOR RELIEF

**WHEREFORE**, EEA, Inc. respectfully demands that judgment be entered in its favor and against Defendant ANSYS and that EEA be granted the following relief:

i. Entry of a declaratory judgment that EEA did not violate ANSYS's exclusive rights as a copyright holder;

ii. Pre-judgment and post-judgment interest;

iii. Court costs;

iv. Attorney fees; and

v. Any such other and further relief as the Court may deem appropriate.

**DATED:** February 16, 2022

SCOTT & SCOTT, LLP

*/s/ Robert J. Scott*

By: Robert J. Scott
Texas State Bar Number 24010385
Julie Machal-Fulks
Texas State Bar Number 24027004
550 Reserve Street, Suite 190 PMB 80
Southlake, Texas 76092
(214) 999-0080
(214) 999-0333 (Fax)
Attorneys for EEA

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff EEA hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

Dated: February 16, 2022

                      SCOTT & SCOTT, LLP

                      */s/ Robert J. Scott*

By:    Robert J. Scott
        Texas State Bar Number 24010385
        Julie Machal-Fulks
        Texas State Bar Number 24027004

        550 Reserve Street, Suite 190 PMB 80
        Southlake, Texas 76092
        (214) 999-0080
        (214) 999-0333 (Fax)
        Attorneys for EEA